UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                               Criminal No. 11-cr-042-01-SM

<u>Jason Fuller</u>

### <u>ORDER OF DETENTION PENDING TRIAL</u>

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on May 5, 2011, for the purpose of determining whether to detain the defendant. The court issued its detention order orally from the bench. This written order summarizes the court's findings and rulings.

### **Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invokes § 3142(f)(1)(c), asserting that a detention hearing is warranted because the defendant is charged with drug offenses that carry maximum sentences of ten or more years.

In this case, the defendant is charged by indictment with the crime of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). That charge satisfies the parameters of § 3142(f)(1)(c), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness") 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or

the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

18 U.S.C. § 3142(e).  Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight."  Dillon, 938 F.2d at 1416.

## Findings and Rulings

In the instant case, the court finds probable cause to believe that the offenses charged have been committed and that the defendant

has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  Thus, § 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

In this case, the government argued that defendant's release posed a danger to the community; the government did not argue that defendant was a risk of flight.  For the reasons stated below and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the defendant's release, even on strict conditions, presents an unacceptable risk of danger to the community.

Specifically, with respect to dangerousness, the court weighed the following:

- The weight of the evidence in this case is extremely strong.
- The nature of the crime is serious and dangerous.
- Defendant has a significant criminal record which includes

      convictions for Burglary, Receiving Stolen Property, Theft and Witness Tampering. He has served lengthy state prison sentences, including a sentence of 5-10 years on the 2003 burglary conviction.

- Defendant has a record of having violated probation on four separate occasions, one in each year from 2008 through 2011, and each while on release from the New Hampshire State Prison.

- Defendant's serial violations of probation show that he is unlikely to abide by conditions which this court might set.

Thus, for all of these reasons, the court finds that the government, aided by the presumption, has met its burden to prove that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense

5

counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

The court makes a recommendation that defendant be admitted to the Therapeutic Community Program at the jail.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  May 5, 2011

cc:  Andrew Michael Kennedy, Esq.
     Terry L. Ollila, Esq.
     U.S. Marshal
     U.S. Probation